**UNITED STATES BANKRUPTCY COURT**

**Northern District of Georgia**

In Re: Debtor(s)
**Kelley Susette Faridi**
2400 Sawtooth Oak Drive
Lawrenceville, GA 30043

xxx–xx–5714

**Kamran Faisal Faridi**
2400 Sawtooth Oak Drive
Lawrenceville, GA 30043

xxx–xx–9588

Case No.: **10–66064–jb**
Chapter: **7**
Judge: **Joyce Bihary**

**DISCHARGE OF DEBTOR(S) WITH ORDER APPROVING TRUSTEE'S REPORT OF NO DISTRIBUTION, CLOSING ESTATE AND DISCHARGING TRUSTEE**

It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Bankruptcy Code, (the Bankruptcy Code).

It further appears that the trustee in the above–entitled case has filed a report of no distribution and said Trustee has performed all other and further duties required in the administration of said estate; accordingly, it is hereby

**ORDERED** that the said estate is closed; that the Trustee is discharged from and relieved of said trust.

_(signature: Joyce Bihary)_

Joyce Bihary
United States Bankruptcy Judge

Dated:  June 9, 2010

Form 182

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION REGARDING THE BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE**

FORM 182 continued

## EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. [In a case involving community property: There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

This discharge does not affect any property of the estate as defined by section 541 of the Bankruptcy Code, and the automatic stay of section 362(a) of the Bankruptcy Code continues to apply to any property of the estate unless and until the automatic stay has been terminated by order of the court or expires pursuant to section 362(c) of the Bankruptcy Code. Such property remains subject to administration by the trustee on behalf of the bankruptcy estate.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;
b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);
c. Debts that are domestic support obligations;
d. Debts for most student loans;
e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
g. Some debts which were not properly listed by the debtor;
h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;
i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.
j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

**This Bankruptcy Discharge is an important document that you should retain in the event a copy is needed in the future. If you request a copy from the Clerk's Office at a later date, you will be required to pay a fee.**